IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MORRIS T. LEWIS**, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.  ) | Civil No. **08-123-DRH** |
| ) | |
| **LISA J. W. HOLLINGSWORTH**, ) | |
| ) | |
| Respondent. ) | |

### REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to Chief Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. At the time the petition was filed, Morris T. Lewis was an inmate in the BOP. Lewis takes issue with the manner in which the BOP has calculated his sentence.

The convictions at issue predate the elimination of parole in the federal system pursuant to the 1987 Sentencing Reform Act. Since the filing of the petition, Lewis has again been paroled from the BOP.

The mere fact that petitioner has been released on parole does not render his claim moot. *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556 (1968); *D.S.A. v. Circuit Court Branch 1*, 942 F.2d 1143, 1146 (7th Cir. 1991) (*habeas* claim is moot because sentence completed "only if it is shown that there is no possibility that any collateral consequences will be imposed on the basis of the challenged conviction.") Respondent has not suggested that petitioner's claim is moot.

Respondent filed a response at **Doc. 6.** Petitioner filed a response thereto at **Doc. 8**.

**Nature of Petitioner's Claim**

Lewis' claims concern the calculation of his consecutive sentences for bank robbery. In 1980, he was convicted of separate bank robberies in the Northern District of Indiana and in the Northern District of Illinois. The Northern District of Illinois sentenced him to a term of 25 years imprisonment. A few months later, the Northern District of Indiana sentenced him to a term of 20 years imprisonment, to be served consecutively to the 25-year sentence. He was released on parole in 1989. However, a parole violator warrant was issued in May, 1990, based on possession of controlled substances and a dangerous weapon.

A little over a month after the issuance of the parole violator warrant, Lewis robbed a bank in South Bend, Indiana. He was arrested by the South Bend police on June 26, 1990. He was convicted in state court and sentenced in September, 1991, to the mandatory minimum of 6 years, plus an additional 8 years as a condition of probation. Lewis was given credit for the 454 days he spent in custody prior to sentencing. The state sentence was later modified by striking the requirement that he serve an additional eight years as a condition of probation.

He was released from state prison in 1993, and returned to federal custody on the 1990 parole violator warrant. His parole was revoked. His federal sentence was calculated to begin running on June 25, 1993, the date on which he was released from state prison and on which the parole violation warrant was executed. **See, Doc. 6, Ex. 3, p. 2**.

In this case, he brings two claims. He claims that his parole violation sentence should be calculated beginning in 1990, for two reasons. First, he claims he was taken into federal custody on the federal parole violation warrant when he was arrested following the bank robbery in South Bend. Secondly, he claims that the modification of his Indiana state sentence means that he has not been given credit towards any of his sentences for the period from his arrest in 1990 to his release from state prison in 1993. He claims that this 3 year period is now "dead time" and

2

should be credited against his parole violation sentence.

## **Previous Section 2241 Petiton**

Lewis has filed several challenges to the validity of his convictions and to the calculation of his sentence. See, Central District of Illinois, Case Numbers 01-CV-1233-MMM, 01-CV-1468-JBM, 03-CV-1040-MMM, and 04-CV-1158-MMM. He also filed a petition under Section 2255 in the Northern District of Illinois under Case Number 94-C-1419.

Respondent argues that habeas relief is precluded here because petitioner's claim has already been raised and rejected in a case filed in the Central District of Illinois, *Morris T. Lewis v. Bobby Compton, Case No. 01-1233.* In an order dated November 9, 2001, District Judge Mihm denied Lewis' Section 2241 petition. A copy of Judge Mihm's order denying the petition is attached to Doc. 6 at Ex. A. Lewis did not appeal from that order.

In the Section 2241 petition filed in the Central District, Lewis raised two points: (1) that the 454 days spent in custody before he was sentenced by the state of Indiana (June 26, 1990 through September 23, 1991) should be credited to his federal sentence, and (2) that the 36 months spent in the Indiana state prison on the Indiana charge should be credited to his federal sentence. See, Judge Mihm Order, Doc. 6, Ex. A, p.3.

Judge Mihm set forth the following facts related to Lewis' convictions and sentences:

1. Lewis was arrested in the Northern District of Indiana in September, 1979, and charged with bank robbery.

2. While on bond, Lewis robbed another bank in the Northern District of Illinois.

3. Lewis was convicted of bank robbery in both Districts. On February 22, 1080, the Northern District of Illinois sentenced him to 25 years imprisonment. On July 3, 1980, the Northern District of Indiana sentenced him to 20 years imprisonment, to be served consecutively.

4. On October 13, 1989, Lewis was paroled. He then had 11,190 days (30 years and 240 days) left on his aggregate 45 year sentence.

3

    5.       On May 16, 1990, the U.S. Parole Commission issued a parole violation warrant, alleging possession of a controlled substance, unauthorized possession of narcotic/dangerous drugs, and unauthorized possession of a dangerous weapon.

    6.       On June 26, 1990, Lewis was arrested by South Bend, Indiana, police officers and charged with bank robbery. Lewis appeared in state court on this charge on June 28, 1990, and bond was set at $100.000.00, or $10,000.00.

    7.       On September 23, 1991 Lewis was sentenced on the Indiana state charge to the mandatory minimum of six years imprisonment. He was giving 454 days presentence credit.

    8.       Upon his release from state prison on June 25, 1993, the parole violation warrant from 1990 was executed, and Lewis was returned to federal custody. On November 29, 1993, the Parole Commission informed Lewis that his parole was revoked and that he would not be credited with the time he had spent on parole.

    9.       Judge Mihm found that the time that Lewis spent in custody between his arrest and sentencing on the state charge (June 26, 1990 through September 23, 1991) was attributable to his inability to post bond, and not to the federal detainer.

Judge Mihm Order, Doc. 6, Ex. A, pp. 1-2; 5-7.

Judge Mihm held that Lewis was not entitled to credit for the 454 days because he was in state custody due to his inability to make bond, and not because of the federal detainer. Therefore, he was not in custody in connection with his federal offense, and not entitled to credit against his federal sentence, pursuant to 18 U.S.C. §3568. In addition, Lewis received credit against his state sentence for the 454 days, and is not entitled to double credit. Judge Mihm Order, Doc. 6, Ex. A, pp. 3-8. As to the second claim, Judge Mihm held that it was within the discretion of the Parole Commission to decide whether his parole violation term would run concurrent or consecutive to the three years Lewis spent serving his Indiana state sentence. Here, the Commission decided that it would not grant Lewis credit against his federal term for the time spent serving the state sentence. Judge Mihm Order, Doc. 6, Ex. A, pp. 9-10.

Lewis did not appeal. See, Docket Sheet, Case No. 01-1233, attached to Doc. 6 as Exhibit A.

4

## Issue Raised in this Court

The habeas petition filed in this Court advances two claims. Petitioner claims that his parole violation sentence should be calculated to have begun on the date he was arrested in Indiana, June 26, 1990. Lewis claims that he was taken into custody on June 26, 1990 "by reference to a parole violator warrant" and that he was therefore in federal custody. His second claim is that he was resentenced by the State of Indiana on May 5, 1993, to a term of 20 years probation "with no jail credit from the State of Indiana." According to Lewis, this means that the time he spent in state prison is "dead time," not credited to either his state or federal sentence.

## Analysis

The Attorney General, acting through the Bureau of Prisons, calculates a defendant's sentence "as an administrative matter when imprisoning the defendant." ***United States v. Wilson*, 112 S.Ct. 1351, 1355 (1992).** The calculation, i.e., the execution, of the sentence can be challenged in a habeas petition under 28 U.S.C. §2241. **See, *Romandine v. U.S.*, 206 F.3d 731, 736 (7th Cir. 2000)**.

Respondent first argues that the petition must be denied because the issues raised therein have already been decided by Judge Mihm. Pursuant to 28 U.S.C. §2244, relief cannot be granted on a habeas petition "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." Section 2244(a) "bars successive petitions under §2241 directed to the same issue concerning execution of a sentence." ***Valona v. United States*, 138 F.3d 693, 695 (7th Cir. 1998).**

Lewis' first point has already been decided by Judge Mihm. Judge Mihm clearly ruled that Lewis was in state, not federal, custody from his arrest in June, 1990, to his sentencing in

5

September, 1991. Lewis argues in this Court that the parole violation warrant was executed at the time of his arrest on June 26, 1990. However, Judge Mihm found that Lewis was in the custody of the State of Indiana from the time of his arrest until his release from state prison. Judge Mihm specifically found that the parole violation warrant was issued on May 16, 1990, but was not executed until Lewis was released from state prison on June 25, 1993. Judge Mihm Order, Doc. 6, Ex. A, p. 2.

Judge Mihm explained:

> Lewis is not entitled to credit against his federal sentence for the 454 presentence days spent in Indiana State custody. 18 U.S.C. §3568 governs whether a prisoner who committed an offense prior to November 1, 1987, will receive credit for prior state custody. If a defendant is denied release on bail because of a federal detainer, then that was time "'spent in custody in connection with the (federal) offense' where the detainer was issued under authority of the defendant's federal conviction and sentence." [citations omitted.]
>
> However, where the record establishes that a prisoner remained in state custody as a result of his or her inability to make bond, he or she is not entitled to credit, notwithstanding the lodging of a federal detainer.

Judge Mihm Order, Doc. 6, Ex. A, pp. 3-4.

After analyzing the facts, Judge Mihm concluded that the 454 presentence days were not "in connection with a federal offense" because "(1) the evidence establishes that Lewis remained in state custody because he could not pay the bond offered to him by the state court, not because of the federal detainer; and (2) he has already received credit for this time against his state sentence." Judge Mihm Order, Doc. 6, Ex. A, p. 9. The issue of credit for the 454 presentence days has already been decided against Lewis, and cannot be considered again by this Court.

Similarly, Judge Mihm also found that Lewis is not entitled to federal credit for the three years he spent serving his state sentence, i.e., from June 26, 1990, to June 25, 1993, because such credit would be contrary to intent of the Notice of Action revoking his parole and to Parole Commission regulations. Judge Mihm Order, Doc. 6, Ex. A, pp. 9-10.

6

In this Court, Lewis casts his point about the 36 months a bit differently: he argues that the re-sentencing on his Indiana conviction in 1993 somehow retroactively converted the three years that were credited to his mandatory minimum 6 year term to "dead time."  He is incorrect.

A copy of the order modifying the state sentence is attached to Doc. 6, Ex. C, at page 12.  The modification eliminated the requirement that Lewis serve an additional 8 years in prison beyond the mandatory minimum of 6 years.  This mandatory minimum sentence of 6 years was not changed.  The 36 months from June 26, 2990, to June 25, 1993, were credited to Lewis' state sentence.  His suggestion that he has not received credit for that period of time against any sentence is nonsense.

### Recommendation

This Court recommends that petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 be **DENIED**:

Objections to this Report and Recommendation must be filed on or before **May 17, 2010.**

**Submitted:  April 29, 2010.**

> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**