IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MORRIS T. LEWIS,**

**Petitioner,**

**v.**

**LISA J. W. HOLLINGSWORTH,**

**Respondent.**                                                            **No. 08-123-DRH**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

Before the Court is a Report and Recommendation ("the Report") (Doc. 11), issued pursuant to **28 U.S.C. § 636(b)(1)(B)** by Magistrate Judge Proud, which recommends denying Petitioner Morris T. Lewis' Petition for Writ of Habeas Corpus pursuant to **28 U.S.C. § 2241** (Doc. 1).  Specifically, the Report recommends that Petitioner's petition be denied because his claims have already been raised and objected in the Central District of Illinois and his argument that his time served in state custody was "dead time" is meritless.

The Report was sent to the Parties, with notice informing them of their right to appeal by way of filing objections by May 17, 2010.  In accordance with the notice, Petitioner has filed timely objections.  Because timely objections have been filed, this Court must undertake de novo review of the objected-to portions of the Report.  **28 U.S.C. § 636(b)(1)(B); FED.R.CIV.P.72(b); SOUTHERN DISTRICT OF**

**ILLINOIS LOCAL RULE 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**, The Court may "accept, reject, or modify the recommended decision." *Willis v. Caterpillar Inc.*, **199 F.3d 902, 904 (7th Cir. 1999).** In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues for which specific objection has been made. *Id*. However, the Court need not conduct a *de novo* review of the findings of the Report for which no objections have been made. *Thomas v. Arn*, **474 U.S. 140, 149-52 (1985)**. Instead, the Court can simply adopt those findings. For the reasons discussed herein, the Court **ADOPTS in part** the findings and recommendations of the Report.

## II. Background

This matter stems from a parole revocation and resentencing to federal custody which started on June 25, 1993. Petitioner was convicted of two separate bank robberies in the Northern District of Indiana and in the Northern District of Illinois in 1980. He was sentenced to 25 years imprisonment in the Northern District of Illinois and later was sentenced to 20 years imprisonment in Northern District of Indiana, to be served consecutively with the previous sentence. He was paroled in 1989, but had a parole violator warrant issued against him in May 1990 due to his possession of a controlled substance and a dangerous weapon.

After the warrant was issued, Petitioner robbed another bank in South Bend, Indiana and was convicted of the offense in state court. He was sentenced to

6 years imprisonment and an additional 8 years of probation. He was given credit for the 454 days he spent in custody prior to sentencing, however his sentence was later modified and he was not required to serve the additional eight years of probation.

He was released from state prison in 1993, but was returned to federal custody on the parole violator warrant issued in 1990. His parole was revoked and his sentence began on June 25, 1993, the day he was released from state prison.

Petitioner now claims that his sentence for the parole violation was improperly calculated as it should have began in 1990. He makes two arguments to support his theory: first, that he was taken into federal custody when he was arrested for the bank robbery in South Bend n 1990, and second, that he was not credited for the three years he spent in state custody because his sentence was modified, amounting to what he claims was three years of "dead time" which should have been credited to his federal sentence.

### III. Analysis

Before the Court addresses Lewis' objections to the Report, the Court must first take up the issue of whether Lewis' petition is now moot due to his release from the Bureau of Prisons. In the Report, Judge Proud acknowledged that Petitioner had, since the filing of petition, been paroled from the Bureau of Prisons. However, the Report did not dwell heavily on the issue of mootness as Respondent had not argued that Petitioner's claims were moot. However, the Court notes that Respondent's response to the petition was filed on July 2, 2008, several months

before Lewis was paroled. Lewis has since been released from BOP custody which raises the issue of whether the petition is now moot due to Lewis' subsequent release.

Any petitioner who files his petition for habeas corpus relief while he is incarcerated is in "custody" within the meaning of the federal habeas corpus statutes. ***Spencer v. Kemna*, 524 U.S. 1, 6, 118 S.Ct. 978, 140 L.Ed. 2d 43 (1998)**. This remains true even after an inmate is released. ***See Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004) ("[i]t has long been established that "custody" does not require physical confinement"); *Phifer v. Clark*, 115 F.3d 496, 500 (7th Cir. 1997)**. Petitioners are therefore in "custody" when they are no longer confined by prison walls but are nevertheless serving a sentence that "involve[s] significant restraints on [their] liberty," such as a person on supervised release. ***Jones v. Cunningham*, 371 U.S. 236, 249, 83 S.Ct. 373, 9 L.Ed. 2d 285 (1963)**. Lewis was incarcerated at USP-Marion, Illinois at the time of the filing of his petition but was subsequently released on November 25, 2008. It is not clear whether Lewis is currently on supervised release.

The issue before the Court is therefore not whether Lewis' petition is moot because he is no longer incarcerated, but whether there remains a "case and controversy" this Court can resolve. ***See Spencer*, 523 U.S. at 7 (noting "[t]he more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it on longer presented a case or controversy under Article III, § 2 of the Constitution.")**. A federal court is not

permitted to review moot cases due to "Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." ***A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004);** ***Spencer*, 523 U.S. at 7 (noting the "case or controversy requirement subsists through all stages of federal judicial proceedings")**. A federal court must therefore "dismiss a case as moot when it cannot give the petitioner any effective relief." ***Butler*, 360 F.3d at 790;** *see also* ***North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (per curiam) (federal courts do not have the power "to decide questions that cannot affect the rights of litigants in the case before them.");** ***Spencer*, 523 U.S. at 7**. Thus, in the habeas corpus context, a petitioner who is released from custody may continue to seek the writ only if the Court can offer relief because there are "collateral consequences - lingering disabilities of burdens" that exist. ***D.S.A. v. Circuit Court Branch*, 942 F.2d 1143, 1146 (7th Cir. 1990)**.

Collateral consequences include repercussions such as the inability to hold public office, vote in state elections and serve as a juror. ***See Carafas v. La Vallee*, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)**. These consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction. ***Spencer*, 523 U.S. at 7-8,** *Cochran*, **381 F.3d at 641.** However, where a released petitioner does not challenge his underlying criminal conviction but only a parole revocation, such consequences are questionable and speculative, and no such presumption exists. ***See Spencer*, 523 U.S. at 12-13.**

Here, it appears to the Court that Lewis' petition is moot as it presents no case or controversy under Article III. Lewis only challenges the way in which his sentence on his revocation was calculated and seeks a recalculation to a lesser sentence. He claims that his time in state custody and his "dead time" should have been taken into account when calculating his federal sentence and thus seeks early release from prison. However, since he has been released, issues regarding the calculation of his prison sentence are now moot. The Court also cannot fathom any collateral consequence or disability that Lewis might continue to suffer due to the alleged calculation errors and loss of good conduct time. Lewis has not alleged that he continues to suffer from his sentence calculation that he has been released from prison. Therefore, there is no longer a case or controversy and Lewis' petition is now moot.

Further, the Court agrees with the Report that, even if not moot, Petitioner has already raised his claims and were rejected by the Central District of Illinois. While Petitioner has filed objections to that finding, Petitioner merely restates his arguments as to why he should have received credit for the 454 days he served as part of his state sentence. He does not argue that the Report was incorrect in finding that his arguments were precluded by his petition in the Central District of Illinois. Here, Petitioner brought these exact same arguments regarding his time in state custody before the Central District and Judge Mihm determined that the 454 days were not in connection with his federal offense. Further, the Report is correct that Petitioner's argument regarding "dead time" is without merit and nonsense.

Accordingly, the Court finds that Petitioner's § 2241 petition should be dismissed.

### IV.  Conclusion

Accordingly, the Court **ADOPTS in part** Judge Proud's Report and Recommendation but finds that Petitioner's § 2241 petition is mooted by his subsequent release from the BOP.  The Court **DISMISSES** Petitioner's petition.  The Court to enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 19th day of October, 2010.

David R. Herndon
2010.10.19 16:14:35
-05'00'

**Chief Judge
United States District Court**